```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

ERNESTO R. HINOJOSA, SR,         §
TDCJ-CID # 586249,               §
                                 §
          Plaintiff,             §
                                 §
v.                               §    CIVIL ACTION NO. H-05-1886
                                 §
GARY JOHNSON, et al.,            §
                                 §
          Defendants.            §
```

### MEMORANDUM OPINION AND ORDER

After reviewing the allegations in the prisoner civil rights complaint filed by Ernesto R. Hinojosa, the court ordered the Defendants, TDCJ-CID officials, to answer the allegations and file a dispositive motion. The Defendants have filed an Answer and a Motion for Summary Judgment. Hinojosa has filed numerous motions seeking discovery and leave to file an amended complaint. The Defendants have asserted qualified and official immunity and have filed a Motion for a Protective Order. The court will **GRANT** the Defendants' Motion for Protective Order and Hinojosa's Motion for Leave to File an Amended Complaint. Hinojosa's other motions will be **DENIED**.

Hinojosa asserts that he has been assaulted by another prison inmate because the Defendants were deliberately indifferent to his

need for protection. The Defendants have asserted qualified immunity in their answer. Hinojosa has filed several motions (Docket Entry Nos. 7, 13, and 26) to depose TDCJ-CID officials including named defendants. In response, the Defendants have filed a Motion for Protective Order (Docket Entry No. 14) asserting their right to avoid unnecessary discovery as government officials.

The Defendants are government officials and the qualified immunity doctrine shields them from civil liability for damages based upon their performance of duties which require the use of discretion. Thompson v. Upshur County, Tex., 245 F.3d 447, 456 (5th Cir. 2001). In addition, qualified immunity protects the Defendants from unnecessary costs, including discovery, associated with civil lawsuits that have no basis. See Vander Zee v. Reno, 73 F.3d 1365, 1368-69 (5th Cir. 1996); Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986). The Defendants have presented a Motion for Summary Judgment (Docket Entry No. 29) supported by exhibits documenting the assault. The Defendants Motion indicates that the assault was unprovoked and unanticipated which would support a dismissal on the grounds that the Defendants could not have deliberately ignored an obvious threat to the plaintiff's safety. See Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). However, part of the Defendants' exhibits (Exhibit A, pages 9-12) are illegible

to the court.  The court cannot make a determination of the merits without a complete record.

Hinojosa has asserted that he has had limited access to TDCJ-CID's records.  Avoidance of disruptive discovery is one of the very purposes for the immunity doctrine.  Schultea v. Wood, 47 F.3d 1427, 1436 (5th Cir. 1994)(concurring opinion).  Moreover, many of the records cannot be disclosed for reasons of security.  However, Hinojosa has stated that he was unable to clearly identify one of the Defendants due to his difficulties in obtaining records.  He now states that TDCJ-CID Officer Angela Massie is the correct name of one of the Defendants who was wrongly identified as Andrea Massey.  Hinojosa has submitted an Amended Complaint more clearly identifying the Defendants including Angela Massie and has moved to for leave to submit the Amended Complaint.  The claims presented in the Amended Complaint are almost identical to those in the Original Complaint but clarify the Defendants.

Hinojosa has made a good faith effort to identify the parties and must be given an opportunity to bring them before this court.  See   Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990).  Although he has filed motions in which he seeks to serve Defendant Massie (Docket Entry Nos. 22 and 24) such motions are not necessary and will be **DENIED** because the court will order the Defendants'

3

attorney to answer the allegations against Massie in an amended answer and dispositive motion, made necessary in part due to the illegible records.

The Defendants shall respond to Hinojosa's allegations in his Amended Complaint (Docket Entry No. 30) including those against Angela Massie.  Hinojosa will not be allowed to conduct any further discovery until the Defendants have submitted their amended motion for summary judgment and the court has made a determination of its merits.  Heitschmidt v. City of Houston, 161 F.3d 834, 840 (5th Cir. 1998).  Therefore, Hinojosa's motions for discovery (Docket Entry Nos. 7, 13, and 26) will be **DENIED**.

Hinojosa has also filed a motion (Docket Entry No. 8) in which he asks the court to reconsider its decision to deny appointed counsel.  As the court previously explained, there is no constitutional right to court appointed counsel in a civil rights proceeding.  Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).  The court has liberally construed Hinojosa's pleadings and will continue to do so.  Despite his limitations, Hinojosa has managed to prosecute his claims in a reasonably effective manner.  Therefore, court appointed counsel will be **DENIED**.  See Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998).

Hinojosa's motions for hearings (Docket Entry Nos. 14, 16, 17) on the various motions submitted to the court will be **DENIED** as unnecessary. His motion (Docket Entry No. 31) to transfer exhibits from the Original Complaint to the Amended Complaint will also be **DENIED**. The court has examined the exhibits submitted by Hinojosa.

Hinojosa's motion to stay proceedings say that he may exhaust administrative remedies (Docket Entry No. 19) will be **DENIED**. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) (inmate must exhaust administrative remedies before filing suit), citing 42 U.S.C. § 1997e.

Hinojosa's motions for continuances and extensions of time (Docket Entry Nos. 28, 33, and 34) will be **DENIED**. Hinojosa will be subject to the time limits set out in the Conclusion and Order below.

### Conclusion and Order

The court **ORDERS** the following:

1. Hinojosa's Motion for Leave to File an Amended Complaint (Docket Entry No. 23) is **GRANTED**.

2. The Defendants are **ORDERED** to file an Answer and a Motion for Summary Judgment, or other appropriate dispositive motion, within thirty (30) days of the date of this Memorandum Opinion and Order. The Defendants shall attach exhibits which are legible or provide an advisory as to why legible records are not available.

3. Hinojosa is **ORDERED** to file a response within thirty (30) days of the date the Defendants mailed Hinojosa his copy of the motion, as shown on the Defendants' certificate of service. <u>Hinojosa's failure to file a response within thirty days shall result in dismissal of this action for want of prosecution under Rule 41(b), FED.R.CIV.P.</u>

4. The Defendants' Motion for Summary Judgment (Docket Entry No. 29) is **DENIED** without prejudice to future consideration of future dispositive motions which are properly supported by legible exhibits.

5. The Defendants' Motion for a Protective Order (Docket Entry No. 14) is **GRANTED**.

6. Hinojosa shall not be allowed to conduct any discovery until the amended dispositive motion has been resolved.

7. All of Hinojosa's other motions (Docket Entry Nos. 7, 8, 13, 16, 17, 19, 22, 24, 26, 28, 31, 33, and 34) are **DENIED**.

8. Hinojosa is **CAUTIONED** to refrain from filing frivolous pleadings or vexatious motions which may result in court ordered sanctions.

9. The Clerk shall correct the docket record to reflect the Defendants' names set forth in Hinojosa's Amended Complaint. Docket Entry No. 30.

**SIGNED** at Houston, Texas, on this  23rd  day of February, 2006.

                                             SIM LAKE
                              UNITED STATES DISTRICT JUDGE